UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENTE "JUDE" NATURAL-UNIDO,

                Plaintiff,

-against-

BROAD. CORP. DOES & THE U.S.
COPYRIGHT OFFICE,

                Defendants.

21-CV-5586 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se*, filed this action under the name "Gente 'Jude' Natural-Unido," and signed the complaint and application to proceed *in forma pauperis* (IFP) with the name "Jude" and a hand-drawn symbol that resembles a violin. The Court determined Gente "Jude" Natural-Unido to be a pseudonym of an individual named Juan Pablo Chavez, who has history of filing actions and signing documents in this and other courts under fictitious names. By order dated September 17, 2021, the Court construed Plaintiff's submission as a motion to proceed under a pseudonym and denied the motion. The Court directed Plaintiff, within thirty days, to file an amended complaint with his real name, signature, and address, and to either pay the $402.00 in filing fees or submit an IFP application with his real name, signature, and address. (ECF 4.) That order specified that failure to comply would result in dismissal of the complaint.

        On October 18, 2021, the Court received an IFP application that included Plaintiff's real name, signature, and address.[1] Plaintiff has not, however, filed an amended complaint.

        Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to comply with the September 17, 2021 order. *See* Fed. R. Civ. P. 41(b).

---

[1] The Court granted Plaintiff's IFP application on November 3, 2021.

## LITIGATION HISTORY AND WARNING

Plaintiff has a lengthy history of filing actions and signing documents in this and other Districts using fictitious names. *See*, *e.g.*, *Chavez v. Defalco*, ECF 1:21-CV-3497, 2 (S.D.N.Y. filed Apr. 19, 2021) (signing complaint with a stamp reading "@rtsmediaink" along with the same hand-drawn symbol); *Arco v. Rudes*, ECF 1:20-CV-8630, 1 (S.D.N.Y. Dec. 2, 2020) (complaint filed by The People d/b/a Johnny Arco c/o Reason, Logic & Law); *Chavez v. Rudes*, No. 3:18-CV-2781 (N.D. Tex. July 27, 2020) (complaint filed by Juan Pablo Chavez d/b/a Fine Arts Education Reform a/k/a Chief Maestro Chavez a/k/a Chief Maestro and stating that "Johnny Arco" is another pseudonym Plaintiff uses); *Maestro v. People of the State of New York*, No. 3:19-CV-1215 (N.D. Tex. July 16, 2019) (complaint brought by "Plaintiff under Seal," later amended to list "Chief Maestro also known as Juan Pablo Chavez also known as Chief Maestro Chavez," and also including the same hand-drawn symbol); *Chavez v. Finney*, ECF 1:19-CV-4109, 2 (S.D.N.Y. filed May 7, 2019) (original complaint brought by "Plaintiff under Seal" and later amended to list as Plaintiff "Juan Pablo Chavez *Sui Juris c/o Reason, Logic & Law, reasonlogiclaw@gmail.com*"); *Chavez v. Rudes*, No. 1:18-CV-1757 (D. D.C. Aug. 16, 2018) (complaint filed by Juan Pablo Chavez d/b/a Fine Arts Education Reform; d/b/a Reason, Logic & Law d/b/a BFlat+ Media Publishing d/b/a Johnny Arco).

Plaintiff has also filed numerous cases under his own name. *See Chavez v. Wylie,* ECF 1:18-CV-7965, 2 (S.D.N.Y. Dec. 17, 2019) (adopting report and recommendation and granting motion to dismiss), 20-383 (2d Cir. June 18, 2020) (dismissing appeal as frivolous); *Chavez v. British Broadcasting Corp.,* ECF 1:17-CV-9572, 63 (S.D.N.Y. May 23, 2019) (granting defendants' motion to dismiss for failure to state a claim), 19-3025 (2d Cir. May 27, 2020) (dismissing appeal as frivolous); *Chavez v. Bertelsmann SE & Co. KGaA*, No. 18-CV-0370 (N.D. Ill. Aug. 29, 2018) (transferring matter to Central District of California); *Chavez v.*

*Bertelsmann SE & Co. KGaA*, No. 18-CV-0356 (N.D. Ga. June 20, 2018), 18-12938-K (11th Cir. March 18, 2019) (dismissing appeal for lack of prosecution); *Chavez v. Bertelsmann SE & Co. KGaA*, No. 18-CV-0069 (E.D. Va. Apr. 24, 2018) (transferring matter to Central District of California); *Chavez v. Bertelsmann SE & Co. KGaA*, No. 18-CV-0018 (N.D. Ia. Apr. 9, 2018) (dismissing matter for improper venue);  *Chavez v. Bertelsmann SE & Co. KGaA*, No. 18-CV-0058 (W.D. Okla. March 15, 2018) (dismissing matter for improper venue); *Chavez v. Bertelsmann SE & Co. KGaA*, No. 18-CV-10222 (D. Mass. Feb. 28, 2018) (dismissing matter without prejudice as duplicative); *Chavez v. Bertelsmann SE & Co. KGaA*, ECF 1:18-CV-0412, 3 (CM) (S.D.N.Y. Feb. 28, 2018) (transferring matter to the United States District Court for the Central District of California); *Chavez v. Rodin*, ECF 1:18-CV-1618, 3 (S.D.N.Y. Feb. 27, 2018) (transferring matter to the United States District Court for the District of Arizona); *Chavez v. Rodin*, No. 18-CV-1232 (C.D. Ca. Feb. 21, 2018) (transferring matter to the United States District Court for the District of Arizona); *Chavez v. Bertelsmann SE & Co. KGaA*, No. 18-CV-0066 (M.D. Tenn. Jan 24, 2018) (dismissing matter for improper venue).

In light of Plaintiff's litigation history, this Court finds that he was or should have been aware of the filing requirements when he filed this complaint. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that his continued filing in this court of submissions that do not comply with the Federal Rules of Civil Procedures will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint without prejudice for Plaintiff's failure to comply with the Court's September 17, 2021 order. *See* Fed. R. Civ. P. 41(b).

Plaintiff is warned that his continued filing in this court of submissions that do not comply with the Federal Rules of Civil Procedures will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 3, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge